IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kenneth and Naomi Halter,<br><br>Plaintiffs,<br><br>vs.<br><br>Town of South Congaree, Daniel R. Jones, individually and in his official capacity, and Patricia Shull, individually and in her official capacity,<br><br>Defendants. | Case No.:<br><br><br>**VERIFIED COMPLAINT<br>(JURY TRIAL DEMANDED)** |

## INTRODUCTION

For decades, Plaintiffs have been law-abiding, tax-paying residents of Lexington County and contract with local merchants and suppliers of services for their business and personal needs. For most of those years, they also have owned mobile home parks in the town, providing affordable housing for minorities, single-parent families, and other low-income occupants along with contribution to the tax base of the Town of South Congaree.

Now aged and ill, Plaintiffs have been targeted by Defendants, who have made no secret of their aversion to mobile home parks and other commercial properties owned by Plaintiffs and their desire to rid the town of the mobile home parks (and necessarily their occupants).

## JURISDICTION AND VENUE

1.      Plaintiffs bring this action under 42 U.S.C. § 1983 to redress the deprivation under color of state law of rights secured by the United States Constitution.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Jurisdiction to grant the declaratory relief requested is provided by 28 U.S.C. § 2201.

1

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the Defendants reside within the district and a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

4.      At all times relevant hereto, the individual Defendants were acting under color of state law.

## PARTIES

5.      Plaintiffs Kenneth and Naomi Halter (hereinafter "Plaintiffs") are citizens of the United States and residents of South Carolina, and at all times relevant hereto were owners of multiple mobile home parks and commercial properties in the Town of South Congaree, South Carolina and have been married for 52 years. Plaintiffs, who are elderly, have the goal of marketing for sale or lease their various businesses to provide for their ultimate retirement.

6.      Defendant Town of South Congaree (hereinafter "the Town") is a municipality in the State of South Carolina and is located in Lexington County, South Carolina.

7.      Defendant Daniel R. Jones (hereinafter "Defendant Jones") is a citizen and resident of Lexington County, South Carolina, and, at all times relevant hereto, has acted either individually and/or officially in his capacity as the mayor of the Town.
Defendant Patricia Shull (hereinafter "Defendant Shull") is a citizen and resident of Lexington County, South Carolina, and, at all times relevant hereto, has acted either individually and/or officially in her capacity as the Town Clerk.

2

## FACTS

8.     Plaintiffs own several mobile home parks, in which they have held a legal interest for decades and upon which they rely primarily for their income.

9.     These parks are located within the Town and are occupied by numerous minority, lower-income, law-abiding and hard-working families.

10.     Defendant Jones, Defendant Shull, and certain members of the Town Council have expressed vehement opposition to mobile home parks generally and also expressed their intention to make it undesirable to operate mobile home parks in the Town, including but not limited to statements to the effect of "I don't want to drive by these parks on my way to and from work".

11.     When a potential buyer approached the Town in the latter part of 2019 regarding licensing regarding one of Plaintiffs' mobile home parks, Defendant Shull, in her capacity as Town Clerk, advised the individual that the Town was not going to renew the license for Plaintiffs to operate the parks.

12.     At the time, Plaintiffs had not even submitted their business license application for that year.

13.     At the time, the Plaintiffs' properties were not the subject of any alleged public nuisance charges or any pending matters before the Town or law enforcement.

14.     There was no legal basis to deny the Plaintiffs a business license renewal and/or to deter Plaintiffs' purchaser from buying the mobile home parks, as a result which caused the Plaintiff to suffer significant monetary damages.

15.     At the time, Defendant Shull either knew or should have known that there was no basis for denying the business license and that her unwarranted statements would deter purchasers of Plaintiffs' various businesses.

16.     Thereafter, in June 2019, the Town imposed a "moratorium" on new business licenses in order to, at least in part, develop and implement overly vague, restrictive, and burdensome mobile home park ordinances.

17.     This moratorium was intentionally and unnecessarily extended for months and, upon information and belief, was intended to deter individuals from attempting to purchase mobile home parks in the Town for that purpose and deter current owners from continuing to operate them.

18.     Since the second reading of the adopted mobile home park ordinances in December 2019, and after Plaintiffs' vocal opposition to the Town's stance on mobile home parks and the ordinances at issue, Plaintiffs have been subjected to increased scrutiny and retaliation by the Town, including one or more arbitrary and capricious citations and repeated, unwarranted contacts by law enforcement that are intended to intimidate Plaintiffs, who are elderly and in ill health, and interfere with their rights as property owners and cause them to capitulate and close the various mobile home parks which they own.

19.     Section 152.071(C) provides "[w]hen a permit to operate a mobile home, (sic) park has been revoked by the town, the park owner shall notify all occupants of the revocation and give notice that they must leave the park within 30 days after the hearing.

20.     Thus, any and all residents of the Plaintiffs' mobile home parks are exposed to the risk of eviction for a single violation by any other resident as provided for in section

4

152.071. If a tenant in an apartment violated the same provision, the entire complex/other residents would not be evicted.

21.    If a homeowner violated the same provision, he would not be evicted, thus creating an unconstitutional classification between homeowners/apartment residents and mobile home park owners/residents.

22.    This arbitrary and capricious standard adversely affects Plaintiffs' financial interests, as it makes the mobile home parks less desirable as a choice of residence.

23.    These arbitrary and capricious contacts are causing, and have caused, very substantial distress to Plaintiffs.

24.    These ordinance sections do not comport with substantive due process and its corresponding strict scrutiny standards. Not surprisingly, such ordinance sections are not rationally related to any legitimate commercial or the stated governmental purpose.

25.    Upon information and belief, these acts were undertaken and imposed upon Plaintiffs at the direction of Defendant Jones with no legitimate government purpose and, in part, in retaliation for their exercise of free speech in opposition by the Plaintiffs and some of their mobile home park residents to the actions of Defendant Jones and the Town.

26.    Additionally, upon information and belief, these acts are intended to deter Plaintiffs from continuing operating their existing mobile home parks.

27.    Since receiving notice that litigation would be forthcoming, Plaintiffs also have been subjected to additional interference with their property rights, as Defendants have advised potential lessors of other commercial property owned by Plaintiffs that they

would be unable to secure approval and licensing for 30 to 45 days, which had not been the procedure before.

28.    Upon information and belief, this, too, was unreasonable, arbitrary, and capricious and unrelated to or required by any of Defendant Town of South Congaree's policies, ordinances, or interests.

29.    Upon information and belief, this time period was presented to deter the potential lessors from leasing the property.

30.    Defendant Town also is focusing and unusual and curious amount of attention on Plaintiffs personally, targeting and harassing them.

## AS AND FOR A FIRST CAUSE OF ACTION
### (28 U.S.C. § 2201 – Declaratory Judgment)

31.    Plaintiffs repeat and reallege the allegations above as if set forth fully and verbatim herein.

32.    There is an actual controversy between Plaintiffs and Defendant with respect to the construction, enforcement and application of the Town's mobile home park ordinances, pursuant to which the Town is already citing individuals such as Plaintiffs.

33.    Plaintiffs seek a declaratory judgment to determine whether the ordinances, in whole or in part:

   a. Violate Article I, Section 15, of the South Carolina Constitution since they, if enforced, would result in excessive fines to mobile home park owners such as Plaintiffs;

   b. Violate Plaintiff's due process rights under the United States Constitution and the South Carolina Constitution in that they:

      i.  Are void for vagueness and unenforceable, inviting arbitrary and capricious enforcement;

     ii.  Would result in race-based disparate treatment to minority residents of the mobile home parks;

    iii.  Are overbroad in that they deter First Amendment speech, were targeted towards Plaintiffs and other similarly situated owners of mobile home parks, including particularly complaints to law enforcement for domestic violence and other incidents for which public policy favors such calls; and/or

    iv.  Constitute unconstitutional takings of the mobile home parks and were designed to interfere with and impair Plaintiffs ongoing contracts.

c.  Improperly categorize measures as being for the public safety, health, and welfare in order to attempt to impose them upon Plaintiff, who had a vested interest in the property prior to the imposition of the most recent mobile home park ordinance;

d.  Deny Plaintiff's equal protection, as the burdensome provision of the ordinances are only being developed for and imposed upon the mobile home park owners rather than other businesses and residences that also pose comparable issues for the Town, with no rational basis exists for the distinction.

34.    Plaintiffs pray for a determination of this Court of the rights between the parties as related to the mobile home park ordinances, a speedy hearing regarding this

action, and injunctive relief to prohibit Defendants from enforcing the mobile home park ordinances as adopted.

**AS AND FOR A SECOND CAUSE OF ACTION OR CAUSE OF ACTION IN THE ALTERNATIVE**
**VIOLATIONS OF RIGHTS SECURED BY THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
(42 U.S.C. § 1983 – Against All Defendants)

35.     Plaintiffs repeat and reallege the allegations above as if set forth fully verbatim herein.

36.     Defendants are "persons" under 42 U.S.C. § 1983.

37.     At all times relevant herein, Defendant Jones was a policy maker for Defendant Town with control over the enforcement of zoning ordinances.

38.     At all times relevant herein, Defendant Shull was the Town Clerk and a gatekeeper for applications and other zoning-related decisions.

39.     Defendants Jones and Shull were cloaked with the authority of state law when they acted to deny the Plaintiffs of their Constitutionally-protected rights as set forth herein.

40.     Defendant Town is vicariously liable for the unlawful acts of Defendants Jones and Shull.

41.     Defendants' acts and omissions, undertaken under color of state law and misusing the authority of the Town, constituted a custom, practice, and policy of deliberate indifference to Plaintiffs' constitutional rights secured by the Equal Protection Clause of the Fourteenth Amendment.

42.     Defendants' acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitutional rights.

8

43.    Defendants' statements at times regarding their ordinances at issue and their opinions about mobile home parks were at times made with individual motivations and not in settings where they would be protected as being made in their official capacities.

44.    At all relevant times, Defendants knew or should have known of Plaintiffs rights guaranteed by Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

45.    Plaintiffs are entitled to actual and compensatory damages, attorney's fees, costs, nominal damages, and injunctive relief as deemed proper by this Court.

**AS AND FOR A THIRD CAUSE OF ACTION OR CAUSE OF ACTION IN THE ALTERNATIVE**
**VIOLATION OF PROCEDURAL DUE PROCESS IN VIOLATION OF FIFTH AND FOURTEENTH AMENDMENTS**
**(**42 U.S.C. § 1983 – Against All Defendants)

46.    Plaintiffs repeat and reallege the allegations above as if set forth fully verbatim herein.

47.    Defendants Town and Jones violated the constitutional due process rights of Plaintiffs through their policies, procedures, and practices with respect to the issuance of mobile home park licenses and the imposition of penalties/fines for violations of the town ordinance.

48.    The Town ordinance is unconstitutional for violating the Due Process Clauses of the Fifth and Fourteenth Amendments for failing to give mobile home park owners notice as to the revocation of licensing and failing to give mobile home park owners the opportunity to be heard in a meaningful way.

49.     Additionally, the ordinance chills the rights of the residents of these mobile homes from reporting any alleged acts of vandalism, theft, public disorderly conduct, nuisance or other types of crimes for fear that their reports will count against the number of reports before citations will be issued.

50.     Upon information and belief, apartment or home lessees are free to make similar reports to law enforcement or the Town without any repercussions.

51.     In the alternative, the town ordinance is unconstitutionally vague because the ordinance gives owners the right to be heard in certain sections but not others, and, when coupled with the severability clause, implies that owners would not have the right to be heard with in regard to some sections but not others.

52.     At all relevant times, Defendants knew or should have known of Plaintiffs rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

53.     The acts and/or omissions of Defendants constitute a pattern or practice of violations of the Fifth and Fourteenth Amendments to the United States Constitution.

**AS AND FOR A FOURTH CAUSE OF ACTION OR CAUSE OF ACTION IN THE ALTERNATIVE**
**VIOLATION OF SUBSTANTIVE DUE PROCESS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
(42 U.S.C. § 1983 – Against All Defendants)

54.     Plaintiffs repeat and reallege the allegations above as if set forth fully verbatim herein.

55.     Defendants Town, Jones, and Shull, working in concert, violate the substantive due process rights of Plaintiffs through their policies, procedures, and

practices with respect to the granting or issuing of business licenses to mobile home parks in the town of Congaree.

56.     Upon information and belief, Defendant Town passed a town ordinance or amended a town ordinance specifically targeting mobile home parks, particularly the mobile home parks owned by Plaintiffs.

57.     Since the passing of the new ordinance or the amendment to the previous ordinance, Defendant Town, and upon information and belief, Defendant Jones, has imposed citations against Plaintiffs that are so arbitrary, capricious and abusive as to shock the conscience.

58.     Specifically, on or about January 9, 2020, Defendant Town imposed an "ordinance violation notice" for "trash and debris along the wood/tree line and abandoned shopping carts."

59.     Numerous properties in the Town have trash and debris on the property without such citations.

60.     The town ordinance describes the procedure for applying for a mobile home park license under section 152.036 and the procedure for the issuance of a license under section 152.037.

61.     Upon information and belief, Defendant Shull notified a potential buyer that Defendant Town was not going to give a license to Plaintiffs for 2019 and that this decision had been made prior to Plaintiffs' application for a license or an inspection of Plaintiffs' mobile home park.

62.     Defendant Shull willfully, wantonly, and recklessly failed to follow the procedures established by then-existing ordinances.

63.    At all relevant times, Defendants knew or should have known of Plaintiffs rights guaranteed by the Fourteenth Amendment to the United States Constitution.

64.    Defendants' actions and/or omissions caused grievous, irreparable, and lasting harm to Plaintiffs and will continue to suffer irreparable harm in the absence of relief.

**AS AND FOR A FIFTH CAUSE OF ACTION OR CAUSE OF ACTION IN THE ALTERNATIVE**
**VIOLATION OF RIGHTS SECURED BY THE FREE SPEECH CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**
(42 U.S.C. § 1983 – Against All Defendants)

65.    Plaintiffs repeat and reallege the allegations above as if set forth fully verbatim herein.

66.    Under section 152.071(B), the town ordinance provides the ability to revoke the mobile home park license if "[f]ive or more law enforcement call outs in 12 months for: 1. Domestic Violence and 3. Code violations to same lot" occur.

67.    Section 152.071(C) provides "[w]hen a permit to operate a mobile home, (sic) park has been revoked by the town, the park owner shall notify all occupants of the revocation and give notice that they must leave the park within 30 days after the hearing."

68.    Section 152.071(B)(1) has a chilling effect on residents constitutionally protected free speech to call the police and report domestic violence because it has the effect of getting them evicted from their homes.

69.    Section 152.071(B)(1) violates public policy in regard to reporting incidents of domestic violence.

12

70.    Section 152.071(B)(3) has a chilling effect on residents constitutionally protected free speech in reporting code violations because it has the effect of getting them evicted from their homes.

71.    Section 152.071(B)(3) violates public policy in regard to reporting code violations.

72.    At all relevant times, Defendants knew or should have known of Plaintiffs rights guaranteed by the First Amendment to the United States Constitution and that the ordinances at issue infringe on the rights of the Plaintiffs and the tenants of the mobile home park.

## AS AND FOR A SIXTH CAUSE OF ACTION OR CAUSE OF ACTION IN THE ALTERNATIVE
## VIOLATION OF RIGHTS SECURED BY THE TAKINGS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION
(42 U.S.C. § 1983 – Against All Defendants)

73.    Plaintiffs repeat and reallege the allegations above as if set forth fully verbatim herein.

74.    Defendants Town and Jones passed the current iteration of the mobile home parks ordinance in December 2019.

75.    Defendants Town and Jones specifically targeted Plaintiffs in an attempt to eliminate already existing mobile home parks from the town of Congaree.

76.    Section 152.071(C) of the town ordinance provides "the park owner shall notify all occupants of the revocation and give notice that they must leave the park within 30 days after the hearing."

77.     Any cause giving Defendants the ability to revoke a mobile home park license would eliminate all economic value to the mobile home park because all residents would be evicted.

78.     The town ordinance has directly and proximately caused a devaluation in Plaintiffs mobile home park and a takings in violation of the federal constitution of the United States for which just compensation should be awarded to Plaintiffs.

## AS AND FOR A SEVENTH CAUSE OF ACTION OR CAUSE OF ACTION IN THE ALTERNATIVE
### Tortious Interference with Prospective Contractual Relations
(Common Law – Defendants Shull and Jones)

79.     Plaintiffs repeat and reallege the allegations above as if set forth fully verbatim herein.

80.     Alternatively, Defendant Shull and Jones have maliciously made adverse statements about mobile home park licensing and commercial garage licensing for the purpose of interfering with Plaintiffs' sale of their mobile home parks and lease of their commercial garage.

81.     Additionally, Defendant Shull, upon information and belief, at the direction of Defendant Jones, has advised potential lessors that they will experience unreasonable delays in receiving approval for use of property owned by Plaintiffs.

82.     These statements were made for an improper purpose and motive and with no legal basis and with actual malice toward Plaintiffs, have caused Plaintiffs to suffer very substantial emotional distress and physical suffering, and, upon information and belief, lose a sale and lease, for which they should be compensated fully, along with costs and such other and further relief as deemed proper by this Court.

83.    These acts were undertaken in willful, reckless, and wanton disregard of Plaintiffs' rights such that Plaintiffs further pray for punitive damages to impress upon Defendants Jones and Shull the seriousness of their conduct and deter such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that the Court:

a.    Enter a judgment declaring that Defendants' policies, procedures, practices, and patterns of conduct, as alleged herein, violate the First, Fifth, and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983;

b.    Enter an order permanently enjoining Defendants from enforcing provisions of the town ordinance;

c.    Enter an order for relief, including but not limited to, compensatory damages and punitive damages;

d.    Award Plaintiffs their attorney's fees and costs; and

e.    Order any such additional relief as the interests of justice may require.

**BLAND RICHTER, LLP**
***Attorneys for Plaintiff***

s/ Eric S. Bland
Eric S. Bland (Federal Bar No. 5472)
1500 Calhoun Street
Post Office Box 72
Columbia, South Carolina 29202
803.256.9664 (telephone)
803.256.3056 (facsimile)
ericbland@blandrichter.com (e-mail)

15

Ronald L. Richter, Jr. (Federal Bar No. 6264)
Scott M. Mongillo (Federal Bar No. 7436)
Peoples Building
18 Broad Street, Mezzanine
Charleston, South Carolina 29401
843.573.9900 (telephone)
843.573.0200 (facsimile)
ronnie@blandrichter.com (e-mail)
scott@blandrichter.com (e-mail)

**SARVIS LAW, LLC**
***Attorney for Plaintiff***

Bryn C. Sarvis (Federal Bar No. 10478)
3424 Augusta Highway
Gilbert, SC 29054
803.785.5525 (telephone)
bsarvis@sarvislaw.com (e-mail)

Columbia, South Carolina
March 3, 2020

16